**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIRNA MARICELA VASQUEZ-MEDRANO; et al., <br><br>                 Petitioners, <br><br>    v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br>                 Respondent. | No.   20-72381 <br><br> Agency Nos.   A208-541-632 <br>                     A208-541-633 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 14, 2023[**]

Before:    SILVERMAN, SUNG, and SANCHEZ, Circuit Judges.

    Mirna Maricela Vasquez-Medrano and her minor child, natives and citizens

of El Salvador, petition pro se for review of the Board of Immigration Appeals'

("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision

denying their application for asylum, and Vasquez-Medrano's applications for

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Vasquez-Medrano's testimony and documentary evidence, and omissions in her declaration. *See id.* at 1048 (adverse credibility finding reasonable under the totality of the circumstances); *see also Mukulumbutu v. Barr*, 977 F.3d 924, 926-27 (9th Cir. 2020) (inconsistencies and omissions supported adverse credibility determination). Vasquez-Medrano's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Substantial evidence also supports the agency's determination that Vasquez-Medrano did not present documentary evidence that would otherwise establish her eligibility for relief. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (applicant's documentary evidence was insufficient to rehabilitate his testimony or independently support his claim). Thus, in the absence of credible testimony, petitioners' asylum claim, and Vasquez-Medrano's withholding of removal claim, fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Vasquez-Medrano does not contest the BIA's determination that she did not challenge the IJ's denial of CAT protection, we do not address it. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).

Vasquez-Medrano's opposed motion to remand this case to the BIA (Docket Entry No. 23) is denied.

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**